## GotIN THE UNITED STATES COURT OF FEDERAL CLAIMS

(Electronically filed on November 9, 2017)

| | |
|---|---|
| BOTTOM LINE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 15-445 L <br><br> Hon. Eric G. Bruggink |

## ANSWER

Pursuant to Rules 7(a), 8(b), and 12 of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations contained in the numbered paragraphs of Plaintiff's Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, denies the same.

2. The United States admits that the United States is the Defendant in the above-captioned case. The United States admits that the United States Army Corps of Engineers (USACE) is an agency of the United States of America. The remaining allegations in the second sentence of paragraph 2 contain conclusions of law, to which no response is required.

3. The allegations in paragraph 3 contain Plaintiff's characterization of this action and state conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in paragraph 4 contain conclusions of law regarding jurisdiction and venue, to which no response is required.

## STATUTE AND CONSTITUTIONAL PROVISIONS

5. The allegations in paragraph 5 characterize and quote federal statutes, to which no response required. To the extent a response is required, the United States respectfully refers the Court to the cited federal statutes as the best evidence of their content. The United States denies any allegations inconsistent with the plain language, meaning, or context of the cited federal statutes. These allegations also contain conclusions of law, to which no response is required.

## STATEMENT OF FACTS

6. The United States admits the first sentence in paragraph 6. The allegations in the second sentence of paragraph 6 contain conclusions of law, to which no response is required.

7. In the first sentence of paragraph 7, the United States admits that President Nixon dedicated the McClellan-Kerr Arkansas River Navigation System (MKARNS) on June 5, 1971. The remaining allegations in the first sentence of paragraph 7 contain vague and ambiguous characterizations, such as "reliable commercial navigation," to which the United States is unable to admit or deny. The allegations in the second sentence of paragraph 7 contain vague and ambiguous characterizations, such as "very shallow," to which the United States is unable to admit or deny. With respect to the third sentence, the United States admits that to allow for navigation, a system of locks and dams, as well as a channel with entrainment structures were constructed to establish sequential navigation pools between the White, Arkansas, and Verdigris Rivers. With respect to the last sentence in paragraph 7, the United States admits that the MKARNS's design had a channel depth of at least nine (9) feet. The remaining allegations in the last sentence in paragraph 7 contain vague and ambiguous characterizations, such as

"purposefully makes" and "operation," to which the United States is unable to admit or deny. The last sentence in paragraph 7 also represents Plaintiff's characterization of this action and contains conclusions of law, to which no response is required.

8.  The United States admits that Exhibit A was attached to Plaintiff's Amended Complaint dated January 22, 2016 and that it is incorporated by reference. With respect to the remaining allegations in paragraph 8, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

9.  With respect to the first sentence of paragraph 9, the United States avers that it purchased the subject property and sold it to Plaintiff's predecessor in title while retaining an unqualified perpetual flowage easement up to, and including, elevation 252.0. The allegations in the second and third sentences of paragraph 9 characterize and quote a vague and ambiguous reference to "design plans," to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited "design plans" as the best evidence of their content. The United States denies any allegations inconsistent with the plain language, meaning, or context of the cited "design plans."

10.  With respect to the first sentence of paragraph 10, the United States avers that it purchased the subject property and sold it to Plaintiff's predecessor in title while retaining an unqualified perpetual flowage easement up to, and including, elevation 252.0. The remaining allegations in paragraph 10 purport to characterize an unidentified development plan document, to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the unidentified development plan document as the best evidence of its own content. The United States denies any allegations inconsistent with the plain language, meaning or context of the unidentified development plan document.

11. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, denies the same.

12. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, denies the same.

13. The United States lacks knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous reference to a "design plan" in paragraph 13 and, on that basis, denies the same. To the extent a response is required, the United States respectfully refers the Court to the cited "design plan" as the best evidence of its content. The United States denies any allegations inconsistent with the plain language, meaning, or context of the cited "design plan."

14. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies the same.

15. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, denies the same.

16. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, denies the same. Further, the second sentence of paragraph 16 contains conclusions of law, to which no response is required.

17. The allegations in paragraph 17 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

18. In the first sentence of paragraph 18, the United States denies that it "refused to acquire the additional easements." The remaining allegations in the first sentence of paragraph 18 contain conclusions of law, to which no response is required. To the extent a response is

required, the allegations in the first sentence of paragraph 18 are denied. With regard to the second sentence of paragraph 18, the United States admits that it made a determination that an occasional flowage easement up to elevation 254.0 was required on the area encompassing the subject property. The remaining allegations in the second sentence of paragraph 18 characterize a vague and ambiguous reference to "engineer drawings and/or maps," to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited "engineer drawings and/or maps" as the best evidence of their content. The United States denies any allegations inconsistent with the plain language, meaning, or context of the cited "engineer drawings and/or maps." The allegations in the third sentence of paragraph 18 contain vague and ambiguous characterizations, such as "other real property" and "segment of the river," to which the United States is unable to admit or deny. The United States avers that the Corps has purchased certain easements over some other properties in the area. If certain easements are identified in the third sentence of paragraph 18, the United States respectfully refers the Court to those easements as the best evidence of their content. The United States denies any allegations inconsistent with the plain language, meaning, or context of those easements. With regard to the fourth sentence of paragraph 18, the United States avers that several of its employees who may have had communication with Plaintiff regarding this matter have retired. The United States further avers that the employees questioned about this matter indicated that they are unaware of such communication. Therefore, the United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 18 and, on that basis, denies the same.

19. The allegations in paragraph 19 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

20. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, denies the same. Further, the allegations in paragraph 20 contain conclusions of law, to which no response is required.

21. The allegations in paragraph 21 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## CAUSE OF ACTION

22. The United States incorporates by reference, repeats, and responds as if fully set forth in this place, each and every response contained in paragraphs 1 through 21, inclusive.

23. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies the same.

24. The allegations in paragraph 24 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

25. The allegations in paragraph 25 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

26. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, denies the same.

27. The allegations in paragraph 27 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

28. The allegations in paragraph 28 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

29. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies the same.

30. The allegations in paragraph 30 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

31. The allegations in paragraph 31 represent Plaintiff's characterization of this action and contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## **PRAYER FOR RELIEF**

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is required, the United States denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief, or to any relief whatsoever.

## **GENERAL DENIAL**

All of the allegations in the Complaint that have not been specifically admitted, denied, or otherwise answered by the the United States are hereby denied.

## UNITED STATES' AFFIRMATIVE DEFENSES

The United States asserts the following affirmative defenses:

1. The Court lacks jurisdiction in whole or in part over the subject matter of this action.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the six-year statute of limitations, 28 U.S.C. § 2501.

4. Plaintiff's claims are barred by the doctrine of relative or comparative benefits. *See Sponenbarger*, 308 U.S. 256, 266-67 (1939) ("[I]f Governmental activities inflict slight damage upon land in one respect and actually confer great benefits when measured in the whole, to compensate the landowner further would be to grant him a special bounty. Such activities in substance take nothing from the landowner.").

5. The Court lacks jurisdiction because Plaintiff's claims sound in tort rather than as takings claims under the Fifth Amendment.

6. The United States reserves the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Respectfully submitted November 9, 2017.

    JEFFREY H. WOOD
    Acting Assistant Attorney General
    Environment & Natural Resources Division

    */s/ Krystalyn Kinsel*
    KRYSTALYN KINSEL
    United States Department of Justice
    Environment & Natural Resources Division
    Natural Resources Section
    601 D Street, NW, Room 3117
    Washington, D.C. 20004
    (202) 305-0484 (telephone)

(202) 305-0506 (facsimile)
krystalyn.kinsel@usdoj.gov

Of Counsel:

TAMAR GERHART
Assistant District Counsel, CESWL
United States Army Corps of Engineers

*Attorneys for the United States of America*