## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(Electronically filed on December 20, 2017)

_____

| | |
|---|---|
| BOTTOM LINE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 15-445 L |
| v. | ) |
| | )   Hon. Eric G. Bruggink |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
_____ )

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), Plaintiff and the United States of America, Defendant, respectfully submit this Joint Preliminary Status Report.  Brandon Moffitt, for Plaintiff, and Krystalyn Kinsel of the United States Department of Justice, for Defendant, have conducted several early meetings of counsel.

**(a)      Does the Court have jurisdiction over the action?**

Yes.  The Parties agree that Plaintiff's complaint alleges a claim that potentially falls within the jurisdictional scope of the Tucker Act, 28 U.S.C. § 1491(a)(1).

**(b)      Should the case be considered with any other case and, if so, why?**

No.  The Parties do not believe there are any other pending cases with which this case should be consolidated.

**(c)      Should trial of liability and damages be bifurcated and the reasons therefore?**

Yes.  The Parties believe that this case should be bifurcated for reasons of judicial and litigation efficiency.  In the liability phase, the Court can adjudicate whether there has been a

taking of Plaintiff's alleged property rights.  Following a ruling on liability, if further

proceedings are necessary, the Parties should confer and file a joint status report proposing a

schedule for proceedings that may include settlement discussions, discovery, and a pre-trial

schedule.  The Parties believe it will be more efficient to prepare and litigate the valuation phase

of the case once it has been clearly established what rights, if any, have been taken.

**(d)     Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore? Is there any basis for transferring or remanding the case to another tribunal?**

No.

**(e)     In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**(f)     Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No.

**(g)     Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, a schedule for the intended filing?**

Yes.  Following a period of discovery into the liability issues, the Parties may file cross-

motions for partial summary judgment on the issue of liability.  The Parties propose that the

schedule for the filing of such dispositive motions be addressed after the Parties have engaged in

further discovery and are in a better position to propose a schedule.

**(h)     What are the relevant factual and legal issues?**

1.     Pursuant to federal and Arkansas law and under the terms of the relevant

conveyance instruments and records, what is the nature of the property interests held by Plaintiff

on the alleged date of taking?

2.      Whether Plaintiff's claim accrued more than six years prior to the filing of the Complaint on May 1, 2015, and is thus barred by the applicable statute of limitations, 28 U.S.C. § 2501?

3.      What is the scope of the various flowage easements acquired by the United States?

4.      Did the United States' actions constitute a taking of Plaintiff's private property without just compensation, pursuant to the factors enumerated in *Arkansas Game & Fish Comm'n v. United States*, 568 U.S. 23 (2012)?

5.      If a taking of Plaintiff's private property occurred, was it a temporary or permanent taking?

6.      Has Plaintiff received a greater benefit from the development of the McKellan-Kerr Arkansas River Navigation System (MKARNS) and related infrastructure, than the alleged detriment from the United States' alleged navigation, operation, and control of the MKARNS at issue?

7.      Whether Plaintiff's claims sound in tort rather than as takings claims under the Fifth Amendment?

8.      If the United States has taken Plaintiff's property interests under the Fifth Amendment, what is the just compensation due?

**(i)      What is the likelihood of settlement?    Is alternative dispute resolution contemplated?**

The Parties agree that further exploration of the facts is necessary before they can determine the likelihood of settlement.  The Parties agree that they will consider the possible use of alternative dispute resolution procedures after exploration of the underlying facts and further review of the legal questions outlined above.

**(j)**    **Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore?**

The Parties believe a determination of the need for a trial is premature at this time.  If the Parties are unable to settle this litigation, then it is anticipated that it would proceed to trial following the disposition of any motions for summary judgment.  At this time, neither party requests expedited trial scheduling.

**(k)**    **Are there any special issues regarding electronic case management needs?**

No.  The Parties have no special issues regarding electronic case management that need to be raised as this time.

**(l)**    **Is there other information of which the court should be aware at this time?**

No.

**(m)**    **Discovery Plan**

The Parties propose that the Court allow them to complete some discovery limited to the issue of liability.  Therefore, the Parties propose the following schedule:

| | |
|---|---|
| Parties Produce Documents Pursuant to RCFC 26(a)(1)(A)(ii) | February 28, 2018 |
| Deadline for Fact Discovery Limited to Liability | October 15, 2018 |
| Plaintiff's Expert Reports Limited to Liability | November 15, 2018 |
| Defendants' Expert Reports Limited to Liability | December 17, 2018 |
| Parties Exchange Expert Rebuttal Reports | January 31, 2019 |
| Deadline for Expert Discovery Limited to Liability | April 1, 2019 |
| Parties Submit Joint Status Report | April 15, 2019 |

After the liability phase of discovery concludes, the Parties anticipate that they will be in a better position to evaluate and propose a schedule for further proceedings.

4

Respectfully submitted December 20, 2017.


MOFFITT & PHILLIPS, P.L.L.C.

JEFFREY H. WOOD
Acting Assistant Attorney General


By */s/ Brandon K. Moffitt (with permission)*
Brandon K. Moffitt
Moffitt & Phillips, P.L.L.C.
204 Executive Ct., Suite 100
Little Rock, AR 72205
(501) 255-7406
(866) 460-5744 (facsimile)
bmoffitt@moffittandphillips.com

**ATTORNEYS FOR PLAINTIFF**

By */s/ Krystalyn Kinsel*
Krystalyn Kinsel
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Post Office Box 7611
Washington, D.C. 20044-7611
(202) 305-0484
(202) 305-0506 (facsimile)
krystalyn.kinsel@usdoj.gov

**ATTORNEY FOR DEFENDANT**